IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

DWM INTERNATIONAL, INC., doing
business as SOCIETY AWARDS, INC.,

    Plaintiff,

v.

CRISTAUX, INC.

    Defendant.

**VERIFIED COMPLAINT**

Plaintiff DWM International, Inc., doing business as Society Awards, Inc., complaining of Defendant Cristaux, Inc., says and alleges as follows:

**PARTIES, JURISDICTION and VENUE**

1. Plaintiff DWM International, Inc. ("Plaintiff"), is a corporation organized and existing under the laws of the State of New York; is authorized to conduct business in North Carolina and maintains its principal place of business in Mecklenburg County, North Carolina.

2. Plaintiff does business as "Society Awards."

3. Upon information and belief, Defendant Cristaux, Inc., ("Defendant") is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Schaumburg, Illinois.

4. Plaintiff is informed, believes, and therefore alleges that Defendant is subject to personal jurisdiction in the State of North Carolina because Defendant conducts substantial business activities with entities located in North Carolina, including without limitation Bank of America Corporation and Wells Fargo Bank, N.A. Further, Defendant's conduct (as alleged in greater particularity herein) has caused damage or harm to Plaintiff, which maintains its principal place of business in North Carolina.

1

5. Venue is proper in the United States District Court for the Western District (Charlotte Division) because Plaintiff maintains its principal office in Mecklenburg County, North Carolina.

6. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 USC § 1332.

7. The amount in controversy exceeds $75,000.00.

**FACTUAL BACKGROUND**

8. Plaintiff is the premier designer and producer of high-end custom award and recognition products, including recognition trophies and awards for the Emmys, Golden Globes, MTV VMAs, MTV Movie Awards, Dancing with the Stars and other generally known events.

9. Plaintiff has been in business for more than 12 years and has developed a reputation for unique designs and premier craftmanship that captures the intrinsic spirit of its customers' award and recognition programs.

10. Defendant purports to design and manufacture trophies and award recognition products.

11. Although technically "competitors," there is little meaningful comparison of the style, design aesthetics, and quality of work between Plaintiff and Defendant.

12. This dramatic disparity between Plaintiff's portfolio of work and Defendant's products has resulted in Defendant actively misrepresenting the nature and quality of its work to third parties and the general public.

13. Pablo Picasso is famously believed to have said, "good artists copy, great artists steal." If true and such an adage were applied to the circumstances at issue here, Defendant would be a great artist.

## A HISTORY OF DECEPTION

14. Plaintiff is – and has always been – rightfully proud of its status as a premier designer and provider of recognition products. Many of its success stories are shared with prospective clients and existing customers on the company's website and social media pages.

15. Plaintiff's publications about its work and the work of others within the industry have proven ripe territory for Defendant to fabricate stories about Defendant's own experience (or contrived experience).

16. For instance, consider how Defendant misrepresented its relationship with Pepsi, a world-wide leader in consumer products.

17. Years ago, another award recognition company designed and manufactured products for Pepsi. This work took place before Defendant was in business; therefore, Defendant could not have contributed to the re-imagined Pepsi recognition products.

18. Although Defendant had nothing to do with the work performed by another company in the industry, Defendant mislead the world by falsely publishing on its website that it, Defendant, had won Pepsi's business and created an award recognition program for this globally recognized brand.

19. Incensed by Defendant's willful deceit, Plaintiff called Defendant to task for its misrepresentation about the Pepsi work.

20. The Pepsi award for which Defendant desperately and duplicitously sought credit was not manufactured by Defendant. A third-party vendor manufactured the Pepsi award at issue. Nevertheless, Defendant wanted the world to believe it had the skill, acumen, vision, and resources to produce a product specified by Pepsi and was willing to deceive anyone willing to believe Defendant's bogus boasts.

21. Defendant's intentional misrepresentation of its design and manufacturing experiences are not limited to the Pepsi case study and have continued as a common scheme and practice as recently as this year.

## THE EXHIBITOR AWARD

22. Consider how Defendant advertises its involvement in an Exhibitor award for the Consumer Electronics Show ("CES") held annually in Las Vegas, Nevada.

23. According to Defendant, they modified this particular award and boast: "we refined the triangular face to accommodate more room for personalization…[w]ith these small changes, the client's full vision was finally achieved. We modernized their recognition program and ended the past problems." https://www.cristaux.com/case-studies/exhibit-design-awards-exhibitor.

24. Defendant's boast of achieving a purported client's "vision" is intended to create a sense of specialization, craftmanship, and artistry (that simply does not exist) to entice customers to entrust their trophy and recognition award programs to Defendant.

25. However, Defendant's assertion regarding the modified CES Exhibitor award was (and is) patently false.

26. In 2011, Plaintiff began discussions with CES about redesigning and manufacturing the Exhibitor award.

27. Within one year, Plaintiff became the sole designer and manufacturer of the Exhibitor Award.

28. As a result, Plaintiff redesigned the award by flattening one side of the award to allow for easier laser etching and engraving of personalized information for the award recipient.

29. In 2012, Plaintiff published information on its website about its work on the CES Exhibitor award. In doing so, Plaintiff was marketing its unique design and manufacturing acumen based upon Plaintiff's actual experience. However, as Plaintiff would later learn, its message was misappropriated and turned into Defendant's (bogus) triumph.

30. Unwilling to let the Pepsi saga repeat itself in the vein of misrepresentations about the Exhibitor award, Plaintiff could remain silent no longer.

31. On January 30, 2023, Plaintiff's counsel sent notice to Defendant's counsel of Defendant's intentional misrepresentations, false and misleading advertising, and fraud. *A true and accurate copy of the foregoing letter is attached hereto as* **Exhibit A**.

32. Despite concrete evidence of Defendant's duplicity, Defendant has failed and refused to cease its fraudulent advertising practices.

## FIRST CAUSE OF ACTION
(Fraud)

33. The preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

34. On its website, Defendant has continued to falsely represent that it is the designer and producer of the Exhibitor award.

35. Such misrepresentations about Defendant's involvement in the modification, design, and production of the Exhibitor award are false statements of material fact and are intended to deceive (a) Plaintiff's customers; (b) Plaintiff's prospective customers; and (c) the general public.

36. Despite notice from Plaintiff that Defendant's contentions about the Exhibitor award are false, Defendant continues to publish untruthful claims about Plaintiff's work product.

37. Defendant's false representations are intended to deceive and have in fact deceived.

38. As a result of Defendant's false, misleading information, Plaintiff has been damaged in an amount to be proven at trial but believed to be at least $100,000.00.

39. Additionally, Plaintiff is also entitled to punitive damages per N.C.G.S. § 1D-1 *et seq.*, as a result of Defendant's willful, wanton, and malicious conduct.

## SECOND CAUSE OF ACTION
**(Unfair and Deceptive Trade Practices – N.C.G.S. § 75 – 1.1 *et seq.*)**

40. The preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

41. Defendant's representations regarding the design and production of awards that are untrue and false is "false and deceptive" as defined by N.C.G.S. § 75-1.1.

42. Misleading advertising intended to induce a prospective customer or Plaintiff's existing customers into believing Defendant is responsible for the design and manufacture of products that are, in fact, designed and created by Plaintiff is conduct "in or affecting commerce" as defined by N.C.G.S. § 75-1.1.

43. Further, Defendant's on-going publication of false, misleading information is part of a broader scheme or deceptive marketing and advertising intended to harm Plaintiff.

44. Plaintiff is entitled to damages as a result of Defendant's conduct (as set forth herein) in an amount to be proven at trial but believed to be at least $100,000.00.

45. Award Plaintiff treble damages and attorney's fees per N.C.G.S. §§ 75-16 and 16.1, respectively.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DWM International, Inc., prays the Court for the following:

1. Award Plaintiff damages for Defendant's fraud in an amount to be proven at trial, but believed to be at least $100,000.00;

2. Award Plaintiff punitive damages pr N.C.G.S. § 1D-1 *et seq*.;

3. Award Plaintiff damages for Defendant's unfair and deceptive trade practices in an amount to be proven at trial, but believed to be at least $100,000.00;

4. Award Plaintiff treble damages and attorney's fees per N.C.G.S. § § 75-16 and 16.1, respectively;

5. Tax all costs of this action against Defendant;

6. Any and all other relief the Court deems just and proper; and

7. A **trial by jury** on all issues so triable per Rule 38 of the Federal Rules of Civil Procedure.

This the 13th day of June, 2023.

                              **BRAY & LONG, PLLC**

                              /s/Jeffrey A. Long
                              Jeffrey A. Long
                              N.C. Bar No. 28645
                              2820 Selwyn Avenue, Suite 400
                              Charlotte, North Carolina 28209
                              Phone: 704-523-7777
                              Fax:   704-523-7780
                              Email: jlong@braylong.com
                              *Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

DWM INTERNAITONAL, INC.,
doing business as SOCIETY AWARDS,
INC.,

    Plaintiff,

v.

CRISTAUX, INC.,

    David W. Moritz, President of DWM International, Inc., having reviewed the foregoing Complaint, swears and affirms that the information contained therein is true and accurate to the best of his knowledge. Further, as to those allegations based upon information and belief, he believes them to be true.

    This the 12 day of June, 2023.

_____
David W. Moritz

Sworn to and subscribed before me

This the ____ day of June, 2023.

_____
Notary Public

My Commission Expires: May 18, 2024

```
MELISSA C LUNDSTEDT
Notary Public, North Carolina
Mecklenburg County
My Commission Expires
May 18, 2024
```