IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00351-KDB-DCK

| | |
|---|---|
| **DWM INTERNATIONAL, INC.,** | |
| Plaintiff, | |
| v. | **ORDER** |
| **CRISTAUX, INC.,** | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Cristaux, Inc.'s ("Cristaux") Motion to Dismiss (Doc. No. 12). Cristaux asks the Court to dismiss Plaintiff's claims for lack of personal jurisdiction, or, in the alternative, to dismiss for failure to state a claim. *See* Doc. Nos. 12, 13. In response, Plaintiff DWM International, Inc. ("DWM") urges the Court to exercise personal jurisdiction over Cristaux and argues that it has plausibly alleged fraud and unfair and deceptive trade practices under North Carolina law. *See* Doc. No. 16. The Court has carefully considered this motion and for the reasons briefly discussed below, the Court will **GRANT** Cristaux's Motion to Dismiss.

**I.  DISCUSSION**

When a "district court decides a pretrial personal jurisdiction motion without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction." *Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir. 1989)). The Court, in reviewing such a motion, "take[s] all disputed facts and reasonable inferences in favor of the plaintiff." *Id.* (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993)).

1

It is well established that there are two ways – general and specific jurisdiction – for a federal court to exercise personal jurisdiction over a defendant. *See, e.g., Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 559 (4th Cir. 2014). Neither applies here.

A.  **General Personal Jurisdiction**

"A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Bristol-Myers Squibb Co. v. Superior Ct. of Calif., San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (emphasis in original) (citing *Goodyear Dunlop Tires Operations, S.A., v. Brown*, 564 U.S. 915, 919 (2011)). General jurisdiction exists where a corporation's contacts with a state are so "continuous and systematic as to render [the corporation] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quoting *Goodyear*, 564 U.S. at 920) (internal quotation marks omitted). The paradigm basis for the exercise of general jurisdiction for a corporation is its "place of incorporation and principal place of business." *Id.* at 137 (citation omitted).

Here, all parties agree that Cristaux is incorporated in Illinois and has its principal place of business in that state. *See* Doc. No. 1 at, 1; Doc. No. 13, at 4. Further, Plaintiff's argument that the Court should exercise general personal jurisdiction because Cristaux had three North Carolina customers in 2023 falls short. *See* Doc. No. 16, at 6. Having three customers does not arise to the level of systematic contacts required to establish that Cristaux is at home in the forum state. In fact, the amount of business generated by those customers is so low that North Carolina does not require Cristaux to register to collect and remit North Carolina sales and use tax. *See* Doc. No. 13, at 2. Further, Cristaux does not have employees in the State nor does it own or lease any real property in North Carolina. *See* Doc. No. 13-1, at 1. Accordingly, the Court finds that DWM has not plausibly alleged that this Court has general personal jurisdiction over Cristaux.

### B. Specific Personal Jurisdiction

As for specific personal jurisdiction, Plaintiff's lack of particular factual allegations regarding the Defendant's conduct in North Carolina leads to the same result. The Court can only exercise specific personal jurisdiction over a nonresident defendant if doing so comports with the North Carolina long-arm statute and the Fourteenth Amendment Due Process Clause. *See, e.g., Mitrano v. Hawes,* 377 F.3d 402, 406 (4th Cir. 2004). In North Carolina, where the long-arm statute extends personal jurisdiction to the limits of the Fourteenth Amendment's Due Process Clause, "the statutory inquiry merges with the constitutional inquiry." *Christian Sci. Bd. of Dirs. v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). Specific jurisdiction depends on "an affiliation between the forum and the underlying controversy." *Goodyear*, 564 U.S. at 918 (citations omitted). To satisfy the pleading requirements for specific jurisdiction, DWM must plausibly allege that (1) Cristaux had "continuous and systematic" contacts with North Carolina, (2) DWM's claims arise out of those contacts, and (3) exercising personal jurisdiction would be fair. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945).

DWM contends that this Court may exercise specific personal jurisdiction because Cristaux had statements on its website that allegedly and falsely took credit for DWM's work. *See* Doc. No. 16, at 7. Essentially, DWM urges the Court to exercise specific jurisdiction because North Carolina residents may have seen these alleged statements on Cristaux's website.[1] However, the Fourth Circuit has held that "specific jurisdiction in the Internet context may be based only on an out-of-state person's Internet activity *directed* at [North Carolina] and causing injury that gives rise to a

---

[1] DWM relies on the assertion that Cristaux has three customers in North Carolina only to support general personal jurisdiction. *See* Doc. No. 16, at 6. However, even if it had done so to support its claim for specific personal jurisdiction, it failed to allege that its claims relate to or arise out of those three contacts and so those contacts could not form the basis for a finding of specific personal jurisdiction.

3

potential claim cognizable in [North Carolina]." *ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707, 714 (4th Cir. 2002) (emphasis supplied). Merely placing information on the internet does not subject a corporation to jurisdiction in each state in which that information might be viewed. *Id.* ("Such passive Internet activity does not generally include directing electronic activity into the State with the manifested intent of engaging business or other interactions in the State thus creating in a person within the State a potential cause of action cognizable in courts located in the State.").

In its Motion to Dismiss, Cristaux provided an affidavit from its Chief Creative Officer, Andre Janus. Janus testified that "Cristaux has never directed or targeted any of [its] advertising to customers or potential customers in North Carolina," nor has it ever "participated in any trade sho[w]s, sales pitches, or other marketing efforts" in North Carolina. Doc. No. 13-1, at 2. DWM did not respond to this testimony or otherwise challenge it. Therefore, the Court finds that DWM has failed to make a prima facie showing that this Court has specific personal jurisdiction over Cristaux.

Because this Court finds that it lacks personal jurisdiction over Cristaux and will accordingly dismiss Plaintiff's claims, it need not reach the issue of whether DWM has plausibly alleged a claim for fraud or unfair and deceptive trade practices under North Carolina law.

## II. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss (Doc. No. 12) is **GRANTED;** and
2. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED, ADJUDGED AND DECREED**.

Signed: December 11, 2023

Kenneth D. Bell
United States District Judge